IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cr-30048-DWD |
| ) | |
| DEANDRE OWENS, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

**DUGAN, District Judge:**

An Indictment charges Defendant Deandre Owens with one count of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 3147(1). In its entirety, count 1 of the Indictment provides:

> On or about March 15, 2022, the defendant, **DE'ANDRE OWENS**, was on pretrial release pursuant to an order dated July 27, 2020, from the United States District Court in the Southern District of Illinois, Case No. 20-CR-30051-NJR, which order notified said defendant of the potential effect of committing an offense while on pretrial release.
>
> On or about March 15, 2022, in Marion County, within the Southern District of Illinois, **DE'ANDRE OWENS**, defendant herein, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 3147(1).

(Doc. 15). The essential elements of distribution of a controlled substance require the Government to prove that defendant knowingly distributed the controlled substance and knew the substance was a controlled substance. *See, e.g, McFadden v. United States*, 576 U.S. 186, 188–89 (2015); *United States v. Graham*, 315 F.3d 777, 781 (7th Cir. 2003). The

1

Government also seeks a sentencing enhancement under 18 U.S.C. § 3147(1) for the commission of an offense while on pretrial release.

Now before the Court is the Government's Motion for Judicial Notice of Evidence Pursuant to Federal Rule of Evidence 201 (Doc. 46). The Government asks the Court to take judicial notice of two court orders entered in Defendant's other criminal case pending in this District, *United States of America v. De'Andre L. Owens*, SDIL Case No. 20-CR-30051-NJR (hereinafter, Case No. 20-30051). The Government also asks the Court to take judicial notice of the fact that Defendant was on pretrial release at the time of the act alleged in the Indictment, March 15, 2022. Defendant did not file a response to this Motion.[1] Having reviewed the relevant pleadings, and as further detailed below, the Motion will be granted.

## Discussion

Fed. R. Evid. 201(b) permits courts to judicially notice an adjudicative fact "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Adjudicative facts are "'simply the facts of the particular case' or, stated differently, 'those to which the law is applied in the process of adjudication.'" *United States v. Arroyo*, 310 F. App'x 928 (7th Cir. 2009); *see also Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997). Judicial notice may be taken at any stage of the proceeding, Fed. R. Evid.

---

[1] Local Rule 7.1 permits the Court to construe the "[f]ailure to timely file a response to a motion" as "an admission of the merits of the motion." SDIL-LR 7.1.

2

201(d), and the Court must take judicial notice "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Judicial notice operates to "waive proof of facts that cannot reasonably be contested." *Arroyo*, 310 F. App'x 928; *see also Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995) ("[I]ndisputabiltiy is a prerequisite" for a fact to be judicially noticed). Accordingly, "courts should strictly adhere to the criteria established by the Federal Rules of Evidence before taking judicial notice of pertinent facts." *General Elec. Capital Corp.*, 128 F.3d at 1081. "The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records." *Schwind v. Koste*, No. 19-CV-07412, 2020 WL 3035997, at *3 (N.D. Ill. June 4, 2020). Indeed, "it is well-settled that [courts] may judicially notice court records as evidence of prior judicial actions." *United States v. Payne*, 964 F.3d 652, 656 (7th Cir. 2020).

Here, the Government asks the Court to take judicial notice of two court orders, and the fact that Defendant was on pretrial release at the time of the alleged act in the Indictment (Doc. 46). The first order, attached as Exhibit 1 of the Government's Motion (Doc. 46-1), is an Order Setting Conditions of Release entered by United States Magistrate Judge Gilbert C. Sison on July 27, 2020 in Case No. 20-30051, at Doc. 20. The second order, attached as Exhibit 2 of the Government's Motion (Doc. 46-2), is a copy of the minutes from Defendant's change of plea hearing on February 3, 2022 in Case No. 20-30051, at Doc. 60. These minutes provide that Defendant's bond remains in full force and effect (Doc. 46-2). Both Orders easily fit within Fed. R. Evid. 201(b): each is publicly available,

is not factually disputed, and is derived from sources whose accuracy cannot reasonably be questioned.

Further, and consistent with these Orders, the fact that Defendant was on pretrial release on the date of the alleged act in this matter, March 15, 2022, is an indisputable conclusion derived from these judicial actions. The Court is conscious of the distinction between taking judicial notice of the orders and the admissibility of the findings of facts contained in those orders. *See, e.g.*, *General Elec. Capital Corp.*, 128 F.3d at 1081 ("[C]ourts generally cannot take notice of findings of fact from other proceedings for the truth asserted therein because these findings are disputable and usually are disputed."). However, here this distinction is insignificant because the Court is not taking judicial notice of any contested facts at issue in Case No. 20-30051, but of the fact that these Orders were entered and in effect on March 15, 2022, such that Defendant was on pretrial release in Case No. 20-30051 at the time of the alleged act in the Indictment. This fact is publicly available upon review of the docket in Case No. 20-30051, is not factually disputed, and is derived from sources whose accuracy cannot reasonably be questioned. It is therefore appropriate for judicial notice.

## Conclusion

For these reasons, the Government's Motion (Doc. 46) is **GRANTED**. The Court takes judicial notice of the existence of the Orders in Case No. 20-30051 attached as Exhibit 1 and Exhibit 2 of the Government's Motion (Docs. 46-1, 46-2). The Court further takes judicial notice of the fact that the two Orders were in effect on the date of the alleged act

in the Indictment, such that Defendant was on pretrial release in Case No. 20-30051 on March 15, 2022.

Having taken judicial notice of these facts, Rule 201(f) requires the Court to "instruct the jury that it may or may not accept the noticed facts as conclusive." *See* Fed. R. Evid. 201(f). Accordingly, the parties shall submit their proposed language for an appropriate limiting instruction consistent with this Order when submitting their proposed jury instructions.

**SO ORDERED.**

Dated: July 13, 2023

/s/ David W. Dugan
DAVID W. DUGAN
United States District Judge