IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-CR-30048-DWD |
| | ) | |
| DE'ANDRE OWENS, and | ) | |
| MIKEL REED, | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND PROTECTIVE ORDER

**DUGAN, District Judge:**

A Superseding Indictment charges Defendant De'Andre Owens with distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 3147(a) (Count 1), and witness tampering in violation of 18 U.S.C. § 1512(b)(1) and (j) (Count 2) (Doc. 62). Defendant Mikel Reed is also charged with witness tampering in violation of 18 U.S.C. § 1512(b)(1) (Count 2) (*Id.*). Now before the Court is the United States of America's Motion for Second Protective Order pursuant to Fed. R. Crim. P. 16(d)(1) (Doc. 64). Defendants did not file an objection to this Motion. The Government further submitted a proposed order.

According to the Government, the United States possess multiple recorded telephone conversations between Reed and Owens in which the two discuss finding the Government's Cooperating Source and paying that Cooperating Source to not attend the trial (Doc. 64). The Government further represents that on April 15, 2023, Defendant Reed informed Defendant Owens that she paid $200.00 to the Cooperating Source to not attend

1

the trial (Doc. 64).   The Government also stated that Defendants have discussed Defendant Owens transferring his jail copy of discovery to an USB drive so that Defendant Reed could post the Cooperating Source's information on social media, in addition to communicating with other potential witnesses in an alleged attempt to intimidate the witnesses from testifying at trial.  Finally, the Government avers that at the time of filing its Motion it had not yet provided a list of potential civilian witnesses who would testify at trial.

For these reasons, the Government asks that the Court enter a Protective Order concerning "Brady/Giglio/Jenks/identifying information regarding each of the prospective civilian witnesses."  Upon review of the Motion and proposed order, and for good cause shown, including for the protection of potential witnesses, the Court **GRANTS** the Government's Motion for Second Protective Order and **ORDERS** as follows:

> a)      The United States shall maintain sole custody of Brady/Giglio/Jenks/identifying information regarding each of the prospective civilian witnesses.
>
> b)      The      United      States      shall      make      available Brady/Giglio/Jenks/identifying information regarding each of the prospective civilian witnesses for defense counsel to review at the United States' Attorney's Office in either Fairview Heights or at the East St. Louis Courthouse.
>
> c)      The      United      States      shall      make      a      copy      of Brady/Giglio/Jenks/identifying information regarding each of the prospective civilian witnesses available at trial for use during witness examination, but the information shall remain in the courtroom and shall not be given to either Defendant Owens or Defendant Reed.
>
> d)      The United States is granted permission to remove any and

2

all discovery materials that originated with the United States Attorney's Office from Defendant Owens' possession in the county jail, should such materials exist.

**SO ORDERED.**

Dated: August 14, 2023

/s/ David W. Dugan
DAVID W. DUGAN
United States District Judge