IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-CR-30048-DWD |
| | ) |
| DE'ANDRE OWENS, and | ) |
| MIKEL REED, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

Now before the Court is Defendant Mikeel Reed's Motion to Dismiss the Superseding Indictment ("Motion"). (Doc. 93). Defendant De'Andre Owens has joined in the Motion. (Doc. 94). In support of the Motion, Defendants raise arguments pertaining to entrapment, outrageous government conduct, selective prosecution, and vindictive prosecution. The Government has responded (Doc. 95), and Defendant Mikeel Reed has replied. (Doc. 98). The Court heard oral argument from the parties on September 21, 2023. (Doc. 110). For the reasons set forth below, the Motion will be **DENIED**.

**BACKGROUND**

De'Andre Owens ("Owens") was originally indicted in a separate criminal case with a single count of Felon in Possession of a Firearm. (*United States v. Owens,* 20-cr-30051-NJR, Doc. 1). On February 3, 2022, Owens pled guilty to the charge, and remained on bond pending sentencing. (*Id.* Docs. 60, 61). According to the Government, approximately one month after entering his guilty plea in the earlier filed criminal action,

and while on pretrial release, Owens sold methamphetamine to a cooperating source during a controlled buy. On March 30, 2022, in connection with the controlled buy, a criminal complaint was filed in the instant case charging Owens with one count of distribution of a controlled substance. (Doc. 1). On April 19, 2022, the grand jury returned a single-count indictment alleging the same offense as was alleged in the criminal complaint. (Doc. 15).

Defendant Mikel Reed ("Reed") was not charged until July 28, 2023, when the grand jury returned a superseding indictment. (Doc. 62). The Superseding Indictment realleged the distribution charge as to Owens (Count I). It also added a second count, charging Owens and Reed with witness tampering. According to the Superseding Indictment, beginning in October 2022 and continuing through April 15, 2023, Owens and Reed attempted to prevent "C.A.", the cooperating source, from testifying at Owens' criminal trial for the distribution charge alleged in Count I.

On August 22, 2023, Reed filed the instant Motion. In her Motion, Reed states that the Superseding Indictment should be dismissed for "selective prosecution and outrageous government conduct." In support of her motion, Reed notes that she was indicted after refusing to testify and suggests that the timing, standing alone, establishes selective or vindictive prosecution. (Doc. 93 p. 1). She also claims that she did not initiate the alleged witness tampering with C.A. Rather, according to Reed, C.A. was attempting to extort her.

According to the Government, there is ample evidence demonstrating that, after Owens was indicted on the drug distribution charge, the Defendants devised a plan to

bribe C.A. Specifically, beginning in November 2022, while Owens was detained at the Franklin County Jail, numerous phone calls and "jail chirps" (text messages) between Owens and Reed were recorded. The Government claims that the phone calls and text messages demonstrate that Reed and Owens developed a plan to pay C.A. $10,000.00, to (1) not testify at Owens' trial or (2) testify that someone other than Owens sold him the methamphetamine. The Government further contends the evidence will show the Defendants took steps to persuade C.A. to comply with their plan, and only objected to the plan when C.A. indicated he wanted the money before, instead of after, the trial.

In her reply brief, Reed raises two additional arguments in support of her Motion. First, Reed notes that, as a female, she is a member of a protected class and claims "she is being unfairly treated as opposed to [C.A.,] a similarly situated male." (Doc. 98 p. 1). Second, Reed contends that an exchange she had with Assistant United States Attorney Jennifer Hudson ("AUSA Hudson") demonstrates the decision to charge Reed amounts to vindictive prosecution. According to Reed, at some point after being indicted, Reed asked AUSA Hudson, "Why are you doing this? I am going into the military." AUSA Hudson reportedly responded by chuckling and saying, "Not anymore." Reed maintains this constitutes evidence of actual vindictiveness.

In his Motion to Join (Doc. 94), Owens contends the Government "is keenly aware" that C.A. was attempting to extort funds from Reed. Nonetheless, Owens argues, given the Government's "fixation" on convicting him, it chose to prosecute Reed to prevent her from testifying on behalf of Owens at his criminal trial.

**DISCUSSION**

A. **Entrapment**

In her Motion, Reed claims that C.A. is a government official who, "committed the crime of extortion in order to entrap" Reed (Doc. 93, p. 2). Entrapment is an affirmative defense. *United States v. Orr,* 622 F.3d 864, 868 (7th Cir.2010). "[T]he subjective basis of the defense makes entrapment a fact question for the jury to decide 'as part of its function of determining the guilt or innocence of the accused." *United States v. Mayfield*, 771 F.3d 417, 439 (7th Cir. 2014) (quoting *Sherman v. United States,* 356 U.S. 369, 377 (1958).[1] Accordingly, the affirmative defense of entrapment, if there is one in this case, is factually dependent on evidence yet to be introduced at trial and will not be decided by the Court in connection with the instant motion. Instead, entrapment shall be resolved by the jury as a factual matter *if Defendants satisfy their burden to establish both elements* of the defense.[2] Accordingly, to the extent that Defendants move to dismiss the indictment in connection with any potential entrapment defense, the motion is **DENIED**.

B. **Outrageous Government Conduct**

Outrageous government conduct arises when the actions of law enforcement officers or their CIs are "so outrageous that due process principles would absolutely bar

---

[1] The Court notes, however, that the Seventh Circuit has held that, unlike the predisposition inquiry, the inducement inquiry "may be more appropriate for pretrial resolution; if the evidence shows that the government did nothing more than solicit the crime on standard terms, then the entrapment defense will be unavailable as a matter of law." *Mayfield,* 771 F.3d at 441.

[2] On September 21, 2023, the Court also heard oral argument from both parties as to the Government's Motion in *Limine* to Exclude Evidence or Argument of Entrapment (Doc. 97). After considering the parties' arguments, the Court granted the Government's motion. However, as stated at the hearing, if Defendants obtain additional evidence that they believe warrants reconsideration of that ruling, the Court will revisit the issue.

the government from invoking judicial processes to obtain a conviction." *United States v. Russell,* 411 U.S. 423, 431–32 (1973). To the extent that Defendants move to dismiss the Superseding Indictment on this basis, the motion is **DENIED**. The Seventh Circuit does not recognize such a defense. *See Conley v. United States,* 5 F.4th 781, 799 (7th Cir. 2021) ("we have repeatedly rejected the existence of an outrageous conduct defense."); *United States v. Westmoreland*, 712 F.3d 1066, 1071 (7th Cir. 2013) ("[O]ur court has disallowed such a defense."); *United States v. Stallworth*, 656 F.3d 721, 730 (7th Cir. 2011) ("Outrageous government conduct is not a defense in this circuit."). Additionally, the Government's conduct in this case, even as alleged by Defendants, is not so outrageous as to satisfy the "extremely high standard" necessary to dismiss an indictment on that ground as adopted by other circuits. *See e.g. United States v. Black,* 733 F.3d 294, 302 (9th Cir. 2013).

C. **Selective Prosecution and/or Vindictive Prosecution**

Government prosecutors "necessarily have wide discretion over whether, how, and when to bring a case." *United States v. Ribota,* 792 F.3d 837, 840 (7th Cir. 2015). Courts generally presume "that prosecutors faithfully and lawfully discharge their constitutional duties and, in the ordinary case, prosecutors have significant discretion to determine whether or not to prosecute." *United States v. Blake*, 415 F.3d 625, 627 (7th Cir. 2005). Thus, "[i]n the ordinary case, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.". *United States v. Armstrong,* 517 U.S. 456, 464 (1996); *See also Bordenkircher v. Hayes,* 434 U.S. 357, 364 (1978) (same).

5

Although prosecutorial discretion is broad, it is subject to constitutional restraints. *See United States v. Batchelder*, 442 U.S. 114, 125 (1979). *United States v. Armstrong,* 517 U.S. 456, 464 (1996). In particular, the Due Process Clause of the Fifth Amendment forbids "selective prosecution" and "vindictive prosecution."

To establish selective prosecution, the defendant must show that he was singled out for prosecution while other violators similarly situated were not prosecuted; and (2) the decision to prosecute him was based on an arbitrary classification such as race, religion, or the exercise of constitutional rights. *United States v. Monsoor*, 77 F.3d 1031, 1034 (7th Cir. 1996). see also *Armstrong*, 517 U.S. at 465 (defendant must show that the federal prosecutorial policy had a "discriminatory effect" and was motivated by a "discriminatory purpose"). A defendant challenging an indictment on selective prosecution grounds bears a heavy burden. *See Reno v. Am.-Arab Anti–Discrimination Comm.*, 525 U.S. 471, 489 (1999) (the standard is "particularly demanding, requiring a criminal defendant to introduce 'clear evidence' displacing the presumption that a prosecutor has acted lawfully."); *United States v. Peskin*, 527 F.2d 71, 86 (7th Cir. 1975) (absent presentation of "facts sufficient to raise a reasonable doubt about the prosecutor's purpose," the "weighty presumption of the legality of the prosecution remains unshaken).

To establish vindictive prosecution, a defendant must show that he was prosecuted in retaliation for the exercise of a protected statutory or constitutional right. *United States v. Cooper*, 461 F.3d 850, 856 (7th Cir. 2006); *Monsoor*, 77 F.3d at 1034. More specifically, a defendant "must affirmatively show through objective evidence that the

prosecutorial conduct at issue was motivated by some form of prosecutorial animus, such as a personal stake in the outcome of the case or an attempt to seek self-vindication." *U.S. v. Jarrett,* 447 F.3d 520, 525 (7th Cir. 2006) (*quoting United States v. Falcon,* 347 F.3d 1000, 1004 (7th Cir. 2003)). Only after a defendant presents "objective evidence of actual vindictiveness does the burden shift to the government to show that the motivation behind the charges was proper." *Id.* (citing *United States v. Bullis,* 77 F.3d 1553, 1559 (7th Cir. 1996)). When the disputed prosecutorial decision occurred before trial, a presumption of vindictiveness is *not* appropriate. *United States v. Ribota*, 792 F.3d 837, 840 (7th Cir. 2015).

Here, Defendants have not shown a colorable claim of selective prosecution. Defendants' primary argument is that they were prosecuted while C.A., who Defendants claim is also a wrongdoer, was not. But the "mere conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." *United States v. Niemiec*, 611 F.2d 1207, 1209 (7th Cir. 1980) (internal quotations omitted). As the Sixth Circuit Court of Appeals has explained:

> There is no right under the Constitution to have the law go unenforced against you, even if you are the first person against whom it is enforced, and even if you think (or can prove) that you are not as culpable as some others who have gone unpunished. The law does not need to be enforced everywhere to be legitimately enforced somewhere ....

*Futernick v. Sumpter Township,* 78 F.3d 1051, 1056 (6th Cir.1996), overruled on other grounds by *Village of Willowbrook v. Olech,* 528 U.S. 562 (2000).

The Defendants have also failed to establish that they are similarly situated to C.A. A review of the record suggests that, unlike Owens and Reed, C.A. was (at some point)

7

cooperating with the government. "While a criminal defendant is certainly not required to cooperate with the government, it is axiomatic that an individual who decides not to cooperate with the government is not similarly situated to one who does cooperate." *United States v. Alanis*, 265 F.3d 576, 585 (7th Cir. 2001). *See also United States v. Darif*, 446 F.3d 701, 708–09 (7th Cir. 2006) (cooperating, unindicted co-conspirators were not similarly situated to defendants who refused to cooperate). Accordingly, C.A.'s cooperation renders him *not* similarly situated to Owens and Reed.

Further, Reed and Owens are arguably more culpable than C.A. The conduct alleged in the Superseding Indictment suggests that Owens was involved in the *distribution* of methamphetamine and that both Reed and Owens intended to bribe a witness in connection with Owens' pending distribution charge. C.A. on the other hand appears to be a drug *user.* Accordingly, the government, "who differentiates between users and suppliers in thousands of drug prosecutions every year," had good reason to differentiate between Defendants and C.A. *See United States v. Blake*, 415 F.3d 625, 627–29 (7th Cir. 2005).

Next Reed argues, for the first time in her reply brief, that she was selectively prosecuted because of her gender. But to maintain such a claim, Reed must demonstrate that the prosecutorial decision "had a discriminatory effect and that it was motivated by a discriminatory purpose." *Armstrong*, 517 U.S. at 464. Reed's cursory allegations as to gender discrimination establish neither. Reed offers no evidence to support the inference that the Government opted to prosecute her because she is a woman. The mere fact that Reed is a woman and C.A. is a male is not enough to overcome the "weighty presumption

8

of the legality of the prosecution." *United States v. Peskin*, 527 F.2d 71, 86 (7th Cir. 1975). *See also United States v. Jarrett,* 447 F.3d 520, 525 (7th Cir. 2006) (the law presumes that the government has exercised its constitutional responsibilities properly; to overcome this presumption, the defendant must show clear evidence to the contrary); *United States v. Falcon*, 347 F.3d 1000, 1004 (7th Cir. 2003) ("a prosecutor's pretrial decisions, including the choice to seek increased or additional charges, are presumed valid"). Moreover, the fact that Owens, a man, has also been charged for the same offense, does not support Reed's gender-based selective prosecution argument.

Reed has also failed to establish selective or vindictive prosecution based on the exercise of a constitutional right. Here, the "evidence" offered in support of Reed's claim is that she was indicted after refusing to testify before the grand jury. But the Seventh Circuit has "repeatedly held" that "evidence of suspicious timing alone does not indicate prosecutorial animus." *United States v. Ribota*, 792 F.3d 837, 842 (7th Cir. 2015). *See also United States v. Dickerson*, 975 F.2d 1245, 1252 (7th Cir. 1992). In fact, the Seventh Circuit rejected a virtually identical argument in *Jarrett v. United States*, 822 F.2d 1438 (7th Cir. 1987), explaining as follows:

> [T]he coincidence that the indictment followed shortly after [the defendant] refused to testify before the grand jury, standing alone, does not suggest any impropriety on the part of the prosecutor. The defendant alleges that the government indicted him because of his invocation of his fifth amendment privilege not to self incriminate himself before the grand jury. The mere fact that [the defendant] was indicted subsequent to invoking his fifth amendment privileges does not of itself establish a causal connection between the exercise of his Fifth Amendment right and his prosecution. This fact standing alone is not sufficient, absent some showing of improper prosecutorial purpose, to establish a *prima facie* case of selective prosecution.

*Id.* at 1443 (internal quotations and citations removed).[3]

Defendants also contend that the following allegations support a claim for vindictive prosecution: (1) after Reed's indictment, the prosecutor made an insensitive comment regarding Reed's plans to join the military; and (2) the government is "fixated" on prosecuting Owens. These allegations are tenuous and premised on nothing more than speculation as to the Government's motives. As such, they do not support a claim of prosecutorial animus. *See, e.g.*, *Jarrett*, 447 F.3d at 527 (rejecting claim based on suspicious timing, speculation about the government's motives, and allegations that the U.S. Attorney's office failed to follow its internal procedures in pursuing an indictment, which could not take the place of clear and objective evidence); *United States v. Baer*, 235 F.3d 561, 565 (10th Cir. 2000) (rejecting vindictive prosecution claim based on "conjecture and speculation").

Finally, Owens' selective prosecution claim regarding his inability to call Reed as a witness is without merit. Even if Reed had not been indicted, she could have elected to exercise her Fifth Amendment right not to give incriminating testimony against herself. The United States has no control over whether Reed will elect to invoke her Fifth Amendment rights at any future court hearing. Owens has not cited to, and the Court is

---

[3] It is also questionable whether Reed can maintain a vindictive prosecution claim under the circumstances present here. *See United States v. Jarrett*, 705 F.2d 198, 204 (7th Cir. 1983) (defendant could not pursue vindictive prosecution claim in connection with his indictment following decision not to testify before the grand jury because that "is not the type of situation that falls within the perimeters of a vindictive prosecution defense.").

not aware of any, authority establishing that his ability to call a co-defendant as a witness amounts to selective prosecution.

## CONCLUSION

For the reasons set forth herein, the Motion to Dismiss for Selective Prosecution and Outrageous Government Conduct (Doc. 93) is **DENIED**.

**SO ORDERED.**

Dated: October 6, 2023

DAVID W. DUGAN
United States District Judge