IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-CR-30048-DWD |
| | ) |
| DE'ANDRE OWENS | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Now before the Court is Defendant De'Andre Owens' ("Owens") Second Motion to Dismiss the Superseding Indictment ("Second Motion to Dismiss"). [1] (Doc. 134). Owens contends that the Superseding Indictment should be dismissed under Federal Rule of Criminal Procedure 48(b) for unnecessary delay. In addition, Owens reasserts arguments pertaining to vindictive prosecution pursuant to Federal Rule of Criminal Procedure 12(b)(3)(A)(iv).[2] The Government has responded. (Doc. 135). The Court heard oral

---

[1] Owens previously joined in his co-defendant's motion to dismiss. That motion raised arguments pertaining to entrapment, outrageous government conduct, selective prosecution, and vindictive prosecution. (Doc. 93). The motion was denied. (Doc. 113).

[2] The Second Motion to Dismiss also references Owens' right to a speedy trial and equal protection under the law. The briefing, however, provides little to no analysis in relation to either speedy trial or equal protection. Accordingly, these arguments have been waived. "[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)." *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) (collecting cases); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("A skeletal 'argument', really nothing more than an assertion, does not preserve a claim.") (citation omitted). Moreover, at oral argument, the Court gave counsel the opportunity to address these arguments. Counsel confirmed that she is abandoning any argument related to speedy trial but indicated that she is pursuing an equal protection argument. As to the issue of equal protection, counsel argued that Owens' rights had been violated during the investigative process because the Government and/or law enforcement were intent on prosecuting Owens and/or failed

1

argument from the parties on January 24, 2024. For the reasons set forth below, the Motion will be **DENIED**.

## I.     BACKGROUND

Owens was originally indicted in a separate criminal case with a single count of Felon in Possession of a Firearm. (*United States v. Owens,* 20-cr-30051-NJR, Doc. 1). On February 3, 2022, Owens pled guilty to the charge, and remained on bond pending sentencing. (*Id.* Docs. 60, 61). According to the Government, approximately one month after entering his guilty plea in the earlier filed criminal action, and while on pretrial release, Owens sold methamphetamine to a cooperating source during a controlled buy. On March 30, 2022, in connection with the controlled buy, a criminal complaint was filed in the instant case charging Owens with one count of distribution of a controlled substance. (Doc. 1). On April 19, 2022, the grand jury returned a single-count indictment alleging the same offense as was alleged in the criminal complaint. (Doc. 15).

Co-Defendant Mikel Reed ("Reed") was not charged until July 28, 2023, when the grand jury returned a superseding indictment. (Doc. 62). The Superseding Indictment realleged the distribution charge as to Owens (Count I). It also added a second count, charging Owens and Reed with witness tampering. According to the Superseding

---

to adequately investigate wrongdoing by the confidential sources. Counsel also argued that Owens' equal protection rights were somehow violated by the Government's alleged failure to bring charges expeditiously. Counsel, however, was unable to explain how this alleged wrongdoing implicated Owens' *equal protection* rights. In addition, to the extent that Owens' equal protection argument related to an alleged selective prosecution, counsel failed to demonstrate that Owens was singled out for prosecution while other similarly situated violators were not prosecuted or that the decision to prosecute Owens was based on an arbitrary classification such as race, religion, or the exercise of constitutional rights. The Court previously addressed issues relating to selective prosecution in its order denying the earlier filed motion to dismiss the indictment and will not reiterate that discussion here. *See* Doc. 113.

Indictment, beginning in October 2022 and continuing through April 15, 2023, Owens and Reed attempted to prevent "C.A.", the cooperating source, from testifying at Owens' criminal trial for the distribution charge alleged in Count I.

On August 22, 2023, Reed filed a motion to dismiss the Superseding Indictment, and Owens joined in the motion ("First Motion to Dismiss"). (Docs. 93 and 94). In the First Motion to Dismiss, the Defendants argued that the Superseding Indictment should be dismissed for "selective prosecution and outrageous government conduct." Additionally, Defendant Owens argued that the Government was "keenly aware" that C.A. was attempting to extort funds from Reed. Nonetheless, Owens argued, given the Government's "fixation" on convicting him, it chose to prosecute Reed to prevent her from testifying on behalf of Owens at his criminal trial. The Court heard oral argument on the First Motion to Dismiss at the Final Pretrial Conference on September 21, 2023. The Court orally denied the First Motion to Dismiss, entering its written order on October 6, 2023.

At the Final Pretrial Conference, Reed made an oral motion to continue trial and submitted a written motion later that day. The Court granted the motion to continue, setting the trial for February 5, 2024. Neither Reed nor Owens sought more time to file additional pretrial motions.

On January 11, 2024, Owens filed the Second Motion to Dismiss, and on January 17, 2024, Reed entered a plea of guilty pursuant to a plea agreement with the Government.

## II. DISCUSSION

### A. Timeliness

Pursuant to the Order Regarding Pre-Trial Discovery and Motion Practice, a motion to dismiss the indictment, if any was due within 42 days of Owens' arraignment on the Superseding Indictment (i.e. on or before October 2, 2023). (Doc. 79). The Order further provided that, "[a]ny request to continue the initial trial setting shall include a request to likewise extend the deadline for filing pretrial motions, if additional time is needed." (Doc. 79). Neither party made such a request.

Federal Rule of Criminal Procedure 12(b)(3) lists the types of motions that must be raised before trial. These include motions to dismiss for vindictive prosecution and motions to dismiss for unreasonable delay. FED. R. CRIM. P. 12(b)(3)(A)(ii) (preindictment delay) and 12(b)(3)(A)(iv) (selective prosecution). Under the federal rules, motions made pursuant to Federal Rule of Criminal Procedure 12(b)(3) must be made timely. FED. R. CRIM. P. 12(c)(1-3). If filed untimely, the defendant must show good cause to excuse his delay.

The Court finds that Owens' Second Motion to Dismiss is not timely, and that Owens has failed to show good cause for the delay. Accordingly, the motion is due to be denied. *See United States v. Suggs*, 703 Fed.Appx. 425 (7th Cir. 2017). However, as is discussed more fully below, the motion is also without merit and would be denied even if it had been timely filed.

B.   **Unnecessary Delay**[3]

Owens moves to dismiss based on a claim of unnecessary delay pursuant to Federal Rule of Criminal Procedure 48(b). According to Owens, In November 2022, the Government was aware of suspicious phone calls at the Franklin County Jail involving one of the confidential sources, CA, and the Defendants. However, Owens claims the Government failed to take any action until it brought the matter to the grand jury, approximately seven months later, in July 2023. Owens also claims that the Government delayed interviewing CA to determine if CA was engaging in wrongful conduct. According to Owens, these delays prejudiced him and gave the Government a tactical advantage. Specifically, Owens notes the following: (1) the delay might have allowed confidential sources to destroy evidence; (2) the delay resulted in lost evidence, as co-defendant Reed no longer has her original cell phone and the confidential sources do not have their cell phones; and (3) the delay implies that the Government needed to orchestrate and organize a storyline around CA's bad conduct.

The Government disagrees with Owens' characterization of the evidence and the timeline surrounding its investigation of the same. The Government indicates that it was not aware of suspicious conversations involving Defendants and CA until February 2023.

---

[3] At times, Owens appears to contend that the Government acted wrongfully by not bringing charges as soon it had sufficient evidence to do so. But "there is no requirement that the Government bring charges as soon as probable cause may exist." *United States v. Allen*, 554 F.2d 398, 407 (10th Cir. 1977). Thus, this argument, standing alone, does not warrant dismissal of the Superseding Indictment. Rather, as is discussed more fully herein, Owens must establish that he was prejudiced by the alleged pre-indictment delay.

According to the Government, in February 2023, information regarding potential witness tampering was discovered when law enforcement was interviewing a witness. Thereafter, on February 14, 2023, the Government subpoenaed phone records from the Franklin County Jail. (Doc. 135 and Doc. 135-1). The Government received the requested records, which amounted to hundreds of recorded calls, on February 24, 2023. (Doc. 135, Doc. 135-1, Doc. 136-1, Doc. 136-2, and Doc. 136-3). Upon receiving the records, the Government listened to more than 500 telephone calls, interviewed witnesses, sought a search warrant for Reed's telephone, obtained telephone records for relevant cell phones, and sought bank records. The Government then brought the investigation to the grand jury in July 2023.

Under Federal Rule of Criminal Procedure 48(b)(1), a district court may dismiss an indictment "if unnecessary delay occurs in … presenting a charge to a grand jury." "A defendant's primary safeguard against unreasonable prosecutorial delay is derived from the applicable statute of limitations." *United States v. McMutuary*, 217 F.3d 477, 481 (7th Cir. 2000). The "Fifth Amendment's due process clause plays a limited," additional "role in assuring that the government does not subject a defendant to oppressive delay." *United States v. Spears*, 159 F.3d 1081, 1084 (7th Cir. 1998).

To establish a due process violation based on pre-indictment delay, a defendant "must demonstrate that the delay caused actual and substantial prejudice to his right to a fair trial." *McMutuary*, 217 F.3d at 482. "The defendant's allegations … must be 'specific, concrete, and supported by evidence.' " *Id.* (quoting *United States v. Sowa*, 34 F.3d 447, 450 (7th Cir. 1994)). If the defendant demonstrates actual and substantial prejudice, "the

6

burden shifts to the government to 'show that the purpose of the delay was not to gain a tactical advantage over the defendant or for some other impermissible reason.' " *McMutuary*, 217 F.3d at 482 (quoting Spears, 159 F.3d at 1084-85). The government's "reasons are then balanced against the defendant's prejudice to determine whether the defendant has been denied due process." Sowa, 34 F.3d at 451. To constitute a due process violation, the "actual prejudice to the defendant ... must be so substantial as to outweigh the preferable deference to legitimate prosecutorial priorities and bureaucratic realities." *United States v. Williams*, 738 F.2d 172, 175 n.2 (7th Cir. 1984).

In *United States v. Henderson*, the Seventh Circuit examined the defendant's due process claim of untimely prosecution where the defendant claimed that the delay caused witness' memories to fade and permitted the destruction of evidence. *Henderson*, 337 F.3d at 920. The Seventh Circuit noted that,

> We have previously held that the death of a potential witness alone is insufficient to establish actual and substantial prejudice. **The same holds true with regard to** witnesses' memories that have faded, and **the loss of possible physical evidence, such as employment records**.

*Henderson*, 337 F.3d 914, 920 (emphasis added) (internal citations omitted).

Here, the Government has shown that the alleged delay was not for tactical or other impermissible reasons. The Government appears to have learned of the problematic communications in February 2023 and proceeded with its investigation, bringing the case to the grand jury just five months later. But even assuming the government was aware of more in November 2022, that, standing alone, does not establish actual and substantial

7

prejudice. As noted in *Henderson*, the loss of physical evidence, standing alone, does not establish actual and substantial prejudice.

C.     **Vindictive Prosecution**

Owens second basis for dismissal is vindictive prosecution. As the Court discussed in its order addressing the First Motion to Dismiss, to establish vindictive prosecution, a defendant must show that he was prosecuted in retaliation for the exercise of a protected statutory or constitutional right. *United States v. Cooper*, 461 F.3d 850, 856 (7th Cir. 2006); *Monsoor*, 77 F.3d at 1034. More specifically, a defendant "must affirmatively show through objective evidence that the prosecutorial conduct at issue was motivated by some form of prosecutorial animus, such as a personal stake in the outcome of the case or an attempt to seek self-vindication." *U.S. v. Jarrett,* 447 F.3d 520, 525 (7th Cir. 2006) (*quoting United States v. Falcon,* 347 F.3d 1000, 1004 (7th Cir. 2003)). Only after a defendant presents "objective evidence of actual vindictiveness does the burden shift to the government to show that the motivation behind the charges was proper." *Id.* (citing *United States v. Bullis,* 77 F.3d 1553, 1559 (7th Cir. 1996)). When the disputed prosecutorial decision occurred before trial or involves other criminal conduct, a presumption of vindictiveness is *not* appropriate. *Williams v. Bartow,* 481 F.3d 492, 502 (7th Cir. 2007); *United States v. Ribota*, 792 F.3d 837, 840 (7th Cir. 2015).

Owens arguments are duplicative of those previously addressed by the Court and do not establish vindictive prosecution. In this case, there is no basis for imposing a presumption of vindictiveness. As such, to succeed, Owens must present objective evidence of actual vindictiveness. But Owens only offers vague conspiracy theories to

support his vindictive prosecution claim. For instance, Owens claims that the Government's case against him as to the distribution charge has "major flaws," including a confidential source with a "terrible criminal history." According to Owens, this demonstrates that the Government is only pursuing the witness tampering charge to bolster its weak case as to drug distribution. Owens also claims that unspecified improper conduct by the city police department should be attributed to the Government and supports a finding of vindictive prosecution in that officials are simply fixated on prosecuting Owens. These vague allegations are nothing more than speculation and do not constitute objective evidence of actual vindictiveness.

As such, Owens' allegations as to vindictive prosecution do not support dismissal of the Superseding Indictment.

### III. CONCLUSION

For the reasons set forth herein, the Second Motion to Dismiss the Superseding Indictment (Doc. 134) is **DENIED**.

**SO ORDERED.**

Dated: January 29, 2024

DAVID W. DUGAN
United States District Judge