**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 22-cr-30048-DWD** |
| | ) | |
| **DEANDRE OWENS,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | | |

<u>**MEMORANDUM & ORDER**</u>

**DUGAN, District Judge:**

On February 9, 2024, a jury convicted Defendant DeAndre Owens ("Owens") of Distribution of Methamphetamine in violation of 841(a)(1) and 841(b)(1)(c) (Count I) and Tampering with a Witness in violation of Title 18 USC 1512(b)(1) and (j) (Count II). On February 21, 2024, Owens filed a Motion for Judgment of Acquittal or Alternatively a New Trial (Doc. 168). In his Motion, Owens raises the following arguments: (1) the Government presented insufficient evidence to sustain a conviction on Count I; (2) the Government presented insufficient evidence to sustain a conviction on Count II; and (3) the Court "erred in its pre-trial analysis articulation regarding severing the cases." The Government has responded (Doc. 169). For the reasons set forth below, the motion is denied.

I.   LEGAL STANDARD

A.   **Judgment of Acquittal - Rule 29(c)**

A defendant in a criminal case who has been found guilty by a jury may move for a judgment of acquittal under Rule 29(c). FED. R. CRIM. P. 29(c). The Court will only

overturn the jury's verdict if "after viewing the evidence in the light most favorable to the government, the record is devoid of evidence from which a reasonable jury could find guilt beyond a reasonable doubt." *United States v. Wrobel*, 841 F.3d 450, 454 (7th Cir. 2016) (citation omitted); s*ee also United States v. Colonia*, 870 F.2d 1319, 1326 (7th Cir. 1989) (Evidence is sufficient if "*any* rational trier of fact could have found all of the elements of the crime beyond a reasonable doubt, viewing the evidence and every reasonable inference in the light most favoring the prosecution.")(emphasis added); *United States v. Bruun*, 809 F.2d 397, 408 (7th Cir. 1987) (a jury verdict may be overturned only "where the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.")(citations omitted).

The Seventh Circuit has stated that "[a] defendant who challenges the sufficiency of the evidence faces a nearly insurmountable hurdle. . . [in that] [the Court] consider[s] the evidence in the light most favorable to the Government, defer[s] to the credibility determination of the jury, and overturn[s] a verdict only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *United States v. Gougis*, 432 F.3d 735, 743-44 (7th Cir. 2005) (internal quotations omitted).

## B.    New Trial - Rule 33

Federal Rule of Criminal Procedure 33 allows "a district court to grant a timely request for a new trial 'if the interest of justice so requires.' " *United States v. O'Malley*, 833 F.3d 810, 811 (7th Cir. 2016) (quoting FED. R. CRIM. P. 33(a)). The Seventh Circuit has cautioned that Rule 33 motions should be granted only in "the most extreme

cases." *United States v. Linwood*, 142 F.3d 418, 422 (7th Cir. 1998) (internal quotation marks omitted); *see also United States v. Santos*, 20 F.3d 280, 285 (7th Cir. 1994) (explaining that jury verdicts in criminal cases are "not to be overturned lightly").

The Court should only grant a new trial if the evidence "preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand," *United States v. Swan*, 486 F.3d 260, 266 (7th Cir. 2007) (alteration in original) (citation omitted), or "if there is a reasonable possibility that [a] trial error had a prejudicial effect on the jury's verdict," *United States v. Maclin*, 915 F.3d 440, 444 (7th Cir. 2019). "The ultimate inquiry is whether the defendant was deprived of a fair trial." *United States v. Friedman*, 971 F.3d 700, 713 (7th Cir. 2020) (citation omitted). In making this determination, "[t]he court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable. *United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989).

## II.   DISCUSSION

### A. Insufficient Evidence

Owens contends that the Government presented insufficient evidence to sustain a conviction as to Count I and Count II. The Court disagrees. As to Count I, the Government presented testimony from Detective Blake Dukes, Lieutenant Jamie James and Confidential Source No. 1 pertaining to Confidential Source No. 1 purchasing methamphetamine from Owens on the date in question. The testimony was supported with telephone records, video surveillance, forensic testing, and testimony from

Confidential Source No. 2. The evidence presented was more than enough for the jury to convict Owens as to Count I.

As to Count II, the Government presented recorded conversations wherein Owens indicated he planned to go to trial once he knew Confidential Source No. 1 would not testify. In one of the conversations, Owens asked Co-Defendant Reed to offer Confidential Source No. 1 $10,000 to either not appear at trial or to plead the Fifth and refuse to testify. In another telephone call, Co-Defendant Reed informed Owens that Confidential Source No. 1 agreed not to appear at his trial. The Government also presented testimony from Confidential Source No. 1 and Confidential Source No. 2 regarding their knowledge of Owens' plan to offer Confidential Source No. 1 money to not testify at the trial. This evidence, viewed in a light most favorable to the Government, was sufficient to convict Owens as to Count II.

Finally, the Court notes that the bulk of the arguments raised by Owens depend on credibility determinations and how much weight should be given to the evidence. For example, Owens takes issue with the Government's key witness, stating that he was unreliable, derived benefits from cooperating with the Government, and admitted he lied to the Grand Jury. But Owens' counsel made this argument (in addition to others) to the jury, and the jury rejected it. It is not the Court's role to "reweigh evidence, assess witness credibility, or assign probabilities to what perspective on the government's case was most persuasive." *United States v. Armbruster*, 48 F.4th 527, 535 (7th Cir. 2022). *See also United States v. King,* 643 F.3d 1003, 1006 (7th Cir. 2011) (determinations of a witness's credibility are to be made by the jury); *United States v. Colston,* 936 F.2d 312, 315 (7th Cir. 1991)

4

("Generally, juries may reject parts of a witness's testimony while accepting other parts."). Thus, Owens' arguments on these points are unavailing.

## B. Severance

As to severance, in a heading, Defendant states, "The Court erred in its pre-trial analysis articulation regarding severing the cases." (Doc. 168, p. 3). Defendant expands on this claim only by stating: "In one of the pre-trial proceedings the Court indicated that it would not be inclined to sever the cases unless Ms. Reed were going to trial with Mr. Owens." (Doc. 168, p. 3). Defendant goes on to claim, in a conclusory fashion, that the "Government's cases were only made legitimate as a result of trying the cases together," and that by trying Counts I and II together, the Government's case was strengthened and "more prejudicial than necessary." (Doc. 168, p. 4). Defendant's arguments are perfunctory and undeveloped. As such, they are waived. *See United States v. Hassebrock,* 663 F.3d 906, 914 (7th Cir. 2011) (finding the argument was "decidedly underdeveloped and therefore waived"); *United States v. Foster,* 652 F.3d 776, 792 (7th Cir. 2011) ("As we have said numerous times, undeveloped arguments are deemed waived [.]") (internal quotation marks and citation omitted). *See also Willis v. Lepine,* 687 F.3d 826, 836 (7th Cir. 2012) ("Merely reciting the Rule 59(a) standard and then tossing the motion into the court's lap is not enough. Failure to adequately present an issue to the district court waives the issue on appeal.").

The Court further notes that Defendant never presented a motion to the Court seeking separate trials of counts. During the initial final pretrial conference held on September 21, 2023, when Co-Defendant Mikel Reed remained in the case, the Court, *sua*

*sponte*, inquired whether the joinder of counts and defendants at trial was prejudicial to Defendants. The Government argued that there was no basis for ordering separate trials of counts or defendants. Shortly thereafter, Co-Defendant Mikel Reed moved for a continuance, stating that she did not wish to proceed to trial and would like to enter into plea negotiations with the Government. The trial was continued, and on January 17, 2024, Co-Defendant Reed entered a plea of guilty. Accordingly, the trial proceeded only as to Owens. At no point did Defendant Owens seek separate trials as to Counts I and II.

Moreover, even if the Court had denied a motion to sever, it would not have been erroneous. Evidence of a defendant's attempts to intimidate a witness or cooperator is admissible to demonstrate a defendant's "consciousness of guilt" of the charges that were the subject of the witness' testimony or cooperation. *United States v. Balzano*, 916 F.2d 1273, 1282 (7th Cir. 1990). Accordingly, trying the counts together did not subject Owens to any additional prejudice. *See United States v. Maya-Gomez*, 860 F.2d 706, 768 (7th Cir. 1988) (" 'In those instances where evidence of one crime is admissible at a separate trial for another, it follows that a defendant will not suffer any additional prejudice if the two offenses are tried together.'") (Quoting *United States v. Foutz*, 540 F.2d 733, 736 (4th Cir. 1976)). *See also United States v. Balzano,* 916 F.2d 1273 (7th Cir.1990) (intimidation of a witness expected to present incriminating testimony is properly joined to counts alleging conspiracy and extortion); *United States v. Berardi,* 675 F.2d 894, 900 (7th Cir.1982) (obstruction of justice charge regarding an attempt to influence the testimony of a grand jury witness held sufficiently related to mail fraud and extortion charges); *United States v. Koen,* 982 F.2d 1101, 1111-1112 (7th Cir.1992) (arson charge sufficiently related to

embezzlement charge because arson was intended to coverup the defendant's self-dealing).

Considering the above, the Court's alleged error as to severance does not provide a basis for granting Owens' Motion.

### III.   Conclusion

For the reasons stated herein, the Motion for Judgment of Acquittal or Alternatively a New Trial (Doc. 168) is **DENIED** in its entirety.

**SO ORDERED.**

Dated: February 23, 2024

s/ *David W. Dugan*
DAVID W. DUGAN
United States District Judge