**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-CR-30048-DWD |
| | ) | |
| DE'ANDRE OWENS | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Now before the Court is Defendant De'Andre Owens' Motion for Grand Jury Transcripts. (Doc. 253). The Government has responded. (Doc. 255). For the reasons that follow, the Motion is **DENIED**.

## BACKGROUND

Defendant was originally indicted in a separate criminal case with a single count of Felon in Possession of a Firearm. (*United States v. Owens,* 20-cr-30051-NJR, Doc. 1). On February 3, 2022, Defendant pled guilty to the charge and remained on bond pending sentencing. (*Id*. Docs. 60, 61). Approximately one month after entering his guilty plea in the earlier filed criminal action, and while on pretrial release, Defendant sold methamphetamine to a confidential informant during a controlled buy. On March 30, 2022, in connection with the controlled buy, a criminal complaint was filed in the instant case charging Defendant with one count of distribution of a controlled substance. (Doc. 1). On April 19, 2022, the grand jury returned a single-count indictment alleging the same

1

offense as was alleged in the criminal complaint. (Doc. 15). In July 2023, a federal grand jury returned superseding indictment against Defendant, adding a second count: tampering with a witness, victim, or informant, in violation of 18 U.S.C. § 1512(b)(1) and (j). (Doc. 62).

Pretrial proceedings included protective orders limiting certain discovery to defense counsel and a court order permitting disclosure of grand jury materials to counsel. (Docs. 21, 89, 91). Defendant proceeded to trial on February 6, 2024, and the jury returned guilty verdicts on February 9, 2024. (Docs. 154, 163). Judgment was entered on July 9, 2024. (Doc. 203). The Seventh Circuit affirmed Defendant's conviction and sentence on January 12, 2026. (Doc. 249). The Supreme Court denied certiorari on May 4, 2026. (Doc. 252).

On May 26, 2026, Defendant filed the present motion under Federal Rule of Criminal Procedure 6(e), seeking production of the grand jury transcript of the confidential informant to prepare an anticipated motion under 28 U.S.C. § 2255. (Doc. 253). Defendant asserts the transcript will demonstrate that the confidential informant lied to the grand jury. (Doc. 253). He further contends that disclosure of the confidential informant's grand jury testimony will allow Defendant to "fully impeach" the confidential informant and his testimony and will show that the confidential informant is "liable for perjury." (Doc. 253, pg. 8). Defendant has filed no prior § 2255 motion.

### DISCUSSION

The government opposes the motion on two grounds. First, it argues that the Court lacks authority to consider the motion because the criminal case is closed and no §

2

2255 petition is presently pending, citing *United States v. Scott*, 414 F.3d 815 (7th Cir. 2005). Alternatively, the government contends that even if the Court has authority to entertain the motion, it fails on the merits.

The Court rejects the government's jurisdictional argument. In *United States v. Cross*, 2022 WL 2828279 (7th Cir. 2022), the Seventh Circuit held that a post-judgment Rule 6(e) motion filed in anticipation of a first § 2255 petition supplies district-court authority under Rule 6(e)(3)(E)(i) because the request is "preliminarily to" a judicial proceeding. *See also United States v. Baggot*, 463 U.S. 476, 480 (1983); *United States v. Campbell*, 294 F.3d 824, 827 (7th Cir. 2002) (Rule 6(e) permits disclosure after criminal proceedings conclude when the material relates directly to identifiable pending or anticipated litigation); *United States v. Jenkins*, 750 F. App'x 486 (7th Cir. 2019). Defendant has filed no prior § 2255 motion. *Scott,* the case the government relies on, involved a successive collateral attack after a prior § 2255 denial and does not control here. The Court therefore proceeds to the merits of Defendant's motion.

A party seeking grand jury materials must show that the material is needed to avoid injustice in another proceeding, that the need outweighs the interests in secrecy, and that the request is narrowly tailored. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979); *see also United States v. Tingle,* 880 F.3d 850, 855-56 (7th Cir. 2018). Defendant has not made this showing.

Defendant asserts that the confidential informant's grand jury transcript will demonstrate that the confidential informant lied. He further contends that disclosure will allow him to "fully impeach" the confidential informant and his testimony and will show

that the confidential informant is "liable for perjury." (Doc. 253, pg. 8). Defendant, however, concedes that the transcript was disclosed to his trial counsel and that his trial counsel already questioned the confidential informant on the stand regarding the alleged lies told to the grand jury.

This is dispositive. Because defense counsel already possessed the grand jury transcript and affirmatively used it to cross-examine and impeach the confidential informant at trial, Defendant cannot show that production (or re-production) is necessary to avoid injustice in a future § 2255 proceeding. The jury heard the impeachment, evaluated the informant's credibility in light of any inconsistencies, and returned a guilty verdict. Defendant then raised the same challenges in his motion for a new trial, which was denied. (Doc. 168, pg. 2). On appeal, the Seventh Circuit affirmed the conviction and, in doing so, emphasized the strength of the Government's case. It specifically noted Lieutenant James's unchallenged testimony rebutting any suggestion of manipulation of the recording equipment and observed that the jury "had extensive evidence of [Defendant's] witness tampering, which evince[ed] his guilty conscience for the underlying crimes." *United States v. Owens*, 162 F.4th 844 (7th Cir. 2025), cert. denied, No. 25-7152, 2026 WL 1203372 (U.S. May 4, 2026).

Defendant's stated goals of fully impeaching the informant and showing that he is liable for perjury do not create a particularized need for re-disclosure. Any claim that the informant committed perjury before the grand jury, can be fully litigated in a § 2255 motion on the existing record. Reproducing the same transcript would add no new information and would not avoid any injustice; it would merely allow Defendant to re-

4

argue points that have already been presented and rejected. The interests favoring continued grand jury secrecy likewise remain undiminished and are not outweighed.

For these reasons, Defendant has failed to demonstrate the particularized need required to overcome grand jury secrecy. There is no good cause for disclosure of the confidential informant's grand jury materials, nor, to the extent sought, has Defendant shown good cause for the disclosure of any other grand jury materials.

## CONCLUSION

For the reasons set forth herein, the Motion for Grand Jury Transcripts (Doc. 253) is **DENIED**.

**SO ORDERED.**

Dated: June 26, 2026

DAVID W. DUGAN
United States District Judge